UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 11-305(22)(DSD/LIB)

United States of America,

        Plaintiff,

v.  **ORDER**

Caine Ramus Starks,

        Defendant.

This matter is before the court upon the pro se motion[1] by defendant Caine Ramus Starks for extension of time to file a petition pursuant to 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

On December 6, 2011, Starks pleaded guilty to (1) Conspiracy to Distribute Oxycodone, Oxymporphone and Heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846 and (2) Using, Carrying or Possessing a Firearm During and in Relation to a Drug-Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). J. 1, ECF No. 878. On July 31, 2012, the court sentenced Starks to 144 months imprisonment. Id. at 2. Starks did not appeal the

---

[1] In the typewritten request for materials pertaining to his case, Starks includes a handwritten request "for more time to complete [a] 2255 motion." ECF No. 1129, at 2. Given Starks's pro se status, the court construes this as a formal motion for extension of time.

judgment. On July 22, 2013, Starks filed a motion for extension of time to file a § 2255 petition. ECF No. 1129.

**DISCUSSION**

Motions for relief under § 2255 generally must be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Where, as here, a prisoner does not appeal his conviction, the judgment becomes final when the fourteen-day period for filing a notice of appeal expires. Anjulo-Lopez v. United States, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (citations omitted). The doctrine of equitable tolling can extend this period, however, and courts may excuse a late filing "where extraordinary circumstances beyond a prisoner's control prevent timely filing." United States v. Martin, 408 F.3d 1089, 1092-93 (8th Cir. 2005) (citations and internal quotation marks omitted).

Here, Starks has not yet filed a § 2255 petition, and this court does not have jurisdiction to consider the merits of his motion. "[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed. Prior to an actual filing, there is no case or controversy to be heard, and any opinion ... on the timeliness issue would be merely advisory." Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001) (citations and internal quotation marks omitted). As a result, the court will consider Starks's § 2255 petition and any equitable

2

tolling argument after the petition is filed.[2]  Therefore, because the court lacks subject-matter jurisdiction, the motion for an extension of time to file a § 2255 motion is denied.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that Starks's motion for extension of time to file a § 2255 petition [ECF No. 1129] is denied.

Dated:  July 25, 2013

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court

---

[2] In so stating, the court makes no representations about the underlying merits of Starks's § 2255 petition or the application of equitable tolling.